UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATTHEW A. TOBIN,

    Plaintiff,

v.                                     Case No. 5:26cv113-MW-HTC

WARDEN MASHBURN, et al.,

    Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Matthew A. Tobin, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 arising out of a use of force incident at Graceville Correctional Facility in early March 2026. Doc. 1. Upon review, this case should be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Tobin is a three-striker who has neither paid the filing fee nor alleged facts sufficient to show he is in imminent danger of serious physical injury.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Tobin is a three-striker. He has brought at least three federal actions, while he was a prisoner, that were dismissed for failure to state a claim or as frivolous, and this Court has previously dismissed Tobin's actions under § 1915(g), recognizing Tobin's three-strike status. *See Tobin v. Dixon*, 3:25-cv-00741-MCR-HTC (N.D. Fla. Jul. 24, 2025) (dismissing case under 28 U.S.C. § 1915(g) because Tobin is a three-striker and identifying strikes); *see also Tobin v. Mailroom SRCI*, Case No. 3:25cv436-LC-HTC (N.D. Fla. Apr. 17, 2025) (dismissing case under 28 U.S.C. § 1915(g) and because Tobin failed to truthfully disclose his litigation history).

As Tobin has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Tobin's complaint fails to satisfy this standard because his

Case No. 5:26cv113-MW-HTC

allegations relate to past conduct and he does not allege any facts indicating he is *currently* in imminent danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."). Additionally, Tobin's allegations that he is being "persecuted", "tormented" and "tortured" in prison are too generalized and conclusory to meet the imminent danger exception. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, (11th Cir. 2009) ("[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Thus, Tobin's allegations are insufficient to satisfy the imminent danger exception to § 1915(g).

Because Tobin has not paid the filing fee and has not alleged any specific facts supporting the existence of imminent danger, his complaint should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE because Tobin is a three-striker under 28 U.S.C. § 1915(g) who has neither paid the filing fee nor alleged he is in imminent danger of serious physical injury.

2.     That the clerk close the file.

At Pensacola, Florida, this 28th day of April, 2026.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.